# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY K BUSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-1208-HLT-KGG |
| | ) |
| LESTER D. HANSEN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER GRANTING
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint alleging defamation resulting in the termination of his employment (Doc. 1)[1], Plaintiff Jeffrey K. Busby has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit. After review of Plaintiff's motion, the Court **GRANTS** the IFP application.

## ANALYSIS

**I.    Motion to Proceed *In Forma Pauperis.***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

---

[1] The case is before the Court on the basis of diversity jurisdiction as Plaintiff is a resident of Missouri and alleges that Defendant is a resident of Kansas. (Doc. 1, at 2.)

1

means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 59 and married with no dependents.  (Doc. 3-1, sealed, at 1-2.)  He indicates his wife is disabled and receives a nominal amount of monthly Social Security disability benefits.  (*Id.*, at 3, 4.)  He is currently employed by a temp service, earning a modest monthly income.  (*Id.*, at 2.)  He does not own real property but does own a modest

automobile, with some residual value. (*Id.*, at 3-4.) He lists a small amount of cash on hand as well as a certain amount possessed by his spouse. (*Id*., at 4.) She lists reasonable amounts for rent and other expenses, including gas, groceries, cable, car insurance, and utilities. (*Id*., at 5.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of September, 2022.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge