## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY K. BUSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-1208-HLT-KGG |
| | ) | |
| LESTER D. HANSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER DENYING
## MOTION FOR APPOINTMENT OF COUNSEL

Now before the Court is Plaintiff's motion for the appointment of counsel. (Doc. 23.)  After a review of Plaintiff's submission, the Court **DENIES** the motion for the reasons set forth herein.

## I.     BACKGROUND.

Plaintiff filed his federal court Complaint on September 12, 2022, based on diversity jurisdiction.  (Doc. 1.)  Plaintiff brings claims for "criminal defamation," civil defamation, intentional infliction of emotional distress, and "harassment by telecommunications device."  (Doc. 11, at 1; *see also* Doc. 1.)  Plaintiff previously requested and was granted *in formal pauperis* status and the fees relating to filing his Complaint were waived.  (Docs. 3, 4.)  This litigation has continued for more

than six months, with Plaintiff participating the Scheduling Conference (Doc. 11), responding to discovery (Doc. 14), participating in a telephone status conference (Doc. 3/15/23 Minute Entry), and serving discovery requests (Doc. 18).

## II.   ANALYSIS.

The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff was previously given leave to proceed *in forma pauperis*.  (Doc. 4.)  Thus, the Court is satisfied that he cannot afford to hire counsel on his own.

The second factor relates to the Plaintiff's diligence in searching for counsel. The form motion used by Plaintiff specifically states that Plaintiff is to "<u>confer with</u> (not merely contact) at least five attorneys regarding legal representation." (Doc. 23, at 2 (emphasis in original).)  Based on the information contained in the form motion, Plaintiff contacted or attempted to contact six attorneys.  (*Id*., at 2-3.) For purposes of this motion, the Court finds that Plaintiff has been diligent in his search for counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  The Court has reviewed the Complaint and concludes, for purposes of this motion only, that Plaintiff has a colorable claim.

Even assuming that Plaintiff's claims are viable in federal court, the Court finds that the final factor – Plaintiff's capacity to prepare and present the case

without the aid of counsel – weighs against appointment of counsel.  ***Castner***, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.* at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex.  *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

Although Plaintiff is not trained as an attorney, this fact alone does not warrant appointment of counsel.  While a trained attorney would most-likely handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  As such, the Motion to Appoint Counsel (Doc. 23) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 23) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 28th day of March, 2023.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge