IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY K. BUSBY,

   Plaintiff,

   v.                                            Case No. 6:22-cv-01208-HLT

LESTER D. HANSEN,

   Defendant.

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Busby[1] sued Defendant Lester Hansen for civil and criminal defamation, intentional infliction of emotional distress, and harassment by telecommunication device. Hansen moves for summary judgment. Doc. 36. The Court finds that the uncontroverted facts do not support any of Busby's claims and Hansen is entitled to summary judgment.

## I.  BACKGROUND

As a preliminary matter, the Court notes that Busby has failed to respond to the summary-judgment motion even though the motion included directions to Busby on what he must do to file an opposition and cautioned him that failure to do so would mean that the facts would be deemed admitted.[2] Doc. 36 at 3. Hansen also filed the "Notice to a Pro Se Litigant Who Opposes a Motion for Summary Judgment" required by D. Kan. Rule 56.1(d). Doc. 37. And shortly after Hansen moved for summary judgment, the Court issued an order stating that Busby must respond to the motion by August 11, 2023, and cautioning him that failure to respond would mean that "the Court

---

[1] Busby proceeds pro se. Accordingly, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, though the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Busby has apparently failed to respond to several motions in this case. *See* Docs. 21, 24, and 31.

will likely take up the motion without the benefit of a response." Doc. 38. To date, Busby has not filed a response, sought an extension of time, or taken any other action in this case. Accordingly, the Court will consider the summary-judgment motion without the benefit of a response from Busby and will accept the stated facts as undisputed. *See* Fed. R. Civ. P. 56(e) (stating that a court may "consider the fact undisputed for purposes of the motion" where a party "fails to properly address another party's assertion of fact"); D. Kan. Rule 56.1(a) (noting that facts set forth in a motion "will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party").

Century Link/Lumen Technologies ("Lumen") hired Busby on December 6, 2019, as a customer service technician. SOF 1. In September 2020, a customer complained that Busby entered the customer's home without permission. SOF 2. Lumen gave Busby a warning for unsatisfactory performance in August 2021. SOF 3.

In October 2021, a customer complained that Busby was unprofessional during a service call, damaged a wall, did poor work, used vulgar language, was rude and condescending, and intimidated the customer's wife, who felt threatened by Busby. SOF 4. As a result, Lumen suspended Busby for 10 days and gave him a warning of dismissal in November 2021. SOF 5-6. Lumen cited its code of conduct, which requires professionalism, no use of profanity, and documentation of damages. SOF 5. The warning of dismissal lasted for 12 months. SOF 7. If Busby failed to meet certain performance standards, he would be subject to disciplinary actions, including dismissal. *Id.* Lumen hoped the warning would cause Busby to improve his behavior and treatment of customers. *Id.*

Busby resumed working after his 10-day suspension on November 12, 2021. SOF 8. On November 16, 2021, Busby responded to a service call at Kaleb Hansen's ("Kaleb") home. SOF 9.

During the service call, Busby and Kaleb spoke in person, and Busby and Lester Hansen ("Hansen") spoke by phone. SOF 10.

Busby later alleged that Hansen ridiculed him through the phone, talked down to him, and screamed at him. *Id.* But Hansen subsequently complained to Lumen about Busby's attitude, actions, and statements during the call. SOF 11. According to Hansen, Busby belittled him to Kaleb, disparaged Hansen by calling him a "stupid farmer," had a terrible attitude, and damaged property by cutting a ratchet strap from a pedestal after being told not to do so. SOF 12.

Lumen subsequently interviewed Busby as part of its investigation into the service call. SOF 13. Lumen concluded Busby was unprofessional during the November 2021 call by being rude and insulting and by damaging property. SOF 14. Lumen also found Busby had been dishonest about the call and had been disrespectful and condescending to Lumen's management during the interview with him. SOF 15. Lumen terminated Busby for cause in December 2021. SOF 16.

Busby sought arbitration through his union. SOF 17.[3] The union denied the request for arbitration based on Busby's history with Lumen. SOF 18. The union stated that Lumen had a "well-documented case of customer complaints against [him], which include[d] a Warning of Dismissal on November 12, 2021," and that Busby was "not being upfront and truthful in an investigatory interview" with his employer and had been "blatantly disrespectful and condescending toward management during his investigatory interview." SOF 17.

Busby sued Hansen on September 12, 2022. Doc. 1. In the Pretrial Order, Busby asserts claims against Hansen for "criminal defamation," "civil defamation," "intentional infliction of

---

[3] The facts stated in the summary-judgment motion have not been disputed by Busby because he has not responded to the motion. Several of these facts are also included as stipulations in the Pretrial Order. *See* Doc. 35 at 2.

emotional distress," and "harassment by telecommunications device." Doc. 35 at 5.[4] Busby seeks $1,425,000 in damages. *Id.* at 6.

## II.  STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, courts view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted). To carry this burden, the nonmovant "may not rely merely on . . . [his] own pleadings." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (internal quotation and citation omitted). "Rather, [he] must come forward with facts supported by competent evidence." *Id.*

## III.  ANALYSIS

### A.  Criminal Defamation and Harassment by Telecommunication Device

Hansen first argues that criminal defamation and harassment by telecommunication device are not recognized causes of action under Kansas law, and that these claims are duplicative of Busby's claims for civil defamation and intentional infliction of emotional distress. Doc. 36 at 9-

---

[4] The Pretrial Order also incorporates a statement in Busby's complaint alleging an "[a]ssault on me that started that day." Doc. 36 at 5. But there are no facts in the record suggesting a physical assault occurred. Rather, it appears that Busby uses "assault" to mean "verbal assault," and that this refers to his claims of intentional infliction of emotional distress and defamation. *Id.* at 4 (characterizing the interaction between Busby and Hansen as a "Verbal Assault that left me Physically Shaking" and that Hansen's alleged defamatory statements "continue an Assault on me that started that day").

10. The Court agrees that these claims seem duplicative of Busby's other claims, which are addressed separately below.[5]

The Court also agrees that these are not proper causes of action for Busby to assert. Kansas does have a criminal statute for criminal false communication. *See* K.S.A. § 21-6103. Likewise, Kansas has a criminal statute for harassment by telecommunication device. *See* K.S.A. § 21-6206. But neither of those criminal statutes authorize a private cause of action. Under K.S.A. § 60-5201(c), causes of action must be explicitly stated and Kansas courts do not imply rights of action.[6] Busby therefore may not assert such claims here. *See Foster v. Langdon*, 2012 WL 4933446, at *1 n.4 (D. Kan. 2012) ("A private litigant, however, has no authority to initiate a criminal action, and alleged violations of a criminal statute do not give rise to a private right of action.").

Accordingly, Hansen is entitled to summary judgment on Busby's claims for criminal defamation and harassment by telecommunication device.

**B.   Intentional Infliction of Emotional Distress**

Hansen next argues that there is no evidence of any outrageous conduct on his part sufficient to sustain a claim for intentional infliction of emotional distress. Doc. 36 at 10-11. To establish a claim of intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant acted intentionally, or in reckless disregard of the plaintiff; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe." *Ngiendo v. Asset Campus USA, LLC*, 2023 WL 2770192, at *11 (D. Kan. 2023). "Conduct must be so outrageous in character, and

---

[5] To the extent these claims are duplicative, the Court finds that no reasonable jury could find that Hansen made defamatory statements or engaged in harassment of Busby under the undisputed facts, as discussed in this order.

[6] Civil defamation is a valid claim, and the Court addresses it separately below.

so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Id.* (internal quotation and citation omitted).

The summary-judgment record contains no evidence of any outrageous conduct by Hansen or any evidence that a jury could rely on to find in favor of Busby on this claim. Rather, the undisputed facts establish that it was Busby who acted inappropriately during the service call, and Hansen reported it to his employer. This is insufficient to create a submissible case on intentional infliction of emotional distress.

The Court notes that Busby's version of events apparently differs from that of Hansen. In the Pretrial Order, Busby incorporates his complaint into his factual contentions. He states that Hansen is the one who ridiculed Busby, talked down to him, and screamed at him over the phone. Doc. 35 at 3-4. Busby claims this upset him so much that he was shaking. *Id.* Busby then alleges that Hansen continued to defame him by contacting his supervisors and lying about the incident, which has damaged Busby both professionally and personally. *Id.* at 4.

Importantly, these factual contentions are taken directly from Busby's complaint. *Id.* at 3-4; *see also* Doc. 1 at 7-9. But at the summary-judgment stage, a non-movant "may not rely merely on . . . [his] own pleadings." *Nahno-Lopez*, 625 F.3d at 1283 (internal quotation and citation omitted). As noted above, Busby has failed to come forward with any facts or evidence of his own and has likewise failed to even dispute Hansen's version of the facts. Further, the Court questions whether Busby's version of the interaction, even if it was properly supported in response to the summary-judgment motion, would be sufficient to create a triable issue on this claim. None of those facts suggest sufficiently outrageous conduct.

Accordingly, Hansen is entitled to summary judgment on the claim of intentional infliction of emotional distress.

### B. Civil Defamation

As to Busby's defamation claim, Hansen moves for summary judgment because there is no evidence that Hansen's statements about Busby were false. Doc. 36 at 11-12. "The elements of defamation include false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed." *Hall v. Kan. Farm Bureau*, 50 P.3d 495, 504 (Kan. 2002); *see also* PIK 4th 127.51 (stating that defamation includes "communication to a person of false information").

Busby's failure to dispute the facts requires the Court to enter judgment in favor of Hansen on the defamation claim. There are no facts from which a jury could find that Hansen made a false statement about Busby when he reported what happened to Lumen. To the extent Busby intended to rely on his version of events as stated in the Pretrial Order, those facts merely repeat the complaint, which is not sufficient to defeat summary judgment as noted above. Nor are Busby's conclusory statements that Hansen defamed him sufficient for this case to survive to trial.[7]

### IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant Lester D. Hansen's Motion for Summary Judgment (Doc. 36) is GRANTED. Judgment shall be entered in favor of Hansen. This case is closed.

IT IS SO ORDERED.

Dated: August 17, 2023           /s/ *Holly L. Teeter*
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE

---

[7] Hansen also argues that Busby cannot establish that any statements by Hansen caused harm to Busby's reputation or injury because Busby already had a history of poor performance with Lumen and Lumen found that Busby was disrespectful to management. *See* Doc. 36 at 12-13. Because there is no question of fact as to whether Hanen made a false or defamatory statement, the Court does not need to reach this argument.